IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **REB STEEL EQUIPMENT CORP.,** | : | |
| Plaintiff, | : | Case No. |
| v. | : | |
| **LAUREEN PIESZALA,** | : | Filed Electronically |
| Defendant. | : | |

## COMPLAINT

Plaintiff REB Steel Equipment Corp. ("REB" or "Plaintiff"), by and through its undersigned counsel, Holland & Knight LLP, for its Verified Complaint alleges as follows:

## INTRODUCTION

1. REB seeks to obtain injunctive relief against, and recover damages from, its former employee, Laureen Pieszala ("Defendant" or "Ms. Pieszala"), arising from ongoing breaches of her contractual, statutory, and common law duties owed to REB, including without limitation breach of her 2010 Confidentiality, Non-Disclosure and Non-Competition Agreement, a copy of which is attached hereto as **Exhibit A** (the "Agreement").

2. As detailed below, Defendant disclosed and used REB's trade secrets and other confidential information in furtherance of her own interests and those of a direct competitor to REB.

3. As further detailed below, Defendant interfered with REB's relationships with its customers, in express violation of her Agreement, and in violation of her duty of loyalty to REB.

4. As further detailed below, Defendant was employed by a competitor of REB during and after her employment with REB, both in express violation of her Agreement and in violation of her duty of loyalty to REB.

5. Absent injunctive relief, REB will be irreparably harmed by Defendant's past and ongoing breaches of her contractual, statutory, and common law duties owed to REB.

## PARTIES, JURISDICTION, AND VENUE

6. Plaintiff is an Illinois corporation, duly licensed and in good standing with its principal place of business at 4556 West Grand Avenue, Chicago, IL 60639.

7. Defendant is a resident of Luzerne County, state of Pennsylvania, with a home address of 223 Orchard Street, Exeter, PA 18643.

8. This Court has subject matter jurisdiction over REB's claims under the Computer Fraud and Abuse Act, 18 U.S.C. § 1030, and the Defend Trade Secrets Act, 18 U.S.C. § 1836, *et seq*.

9. This Court has supplemental jurisdiction over REB's other claims under the Pennsylvania Uniform Trade Secrets Act, as well as over REB's common law and contractual claims, because these claims are closely related to REB's federal claims, are part of the same case or controversy, and derive from a common nucleus of operative fact.

10. Venue is proper in this jurisdiction pursuant to 28 U.S.C. § 1391.

## FACTS

11. REB provides products and services in connection with material handling warehouse distribution.

12. Defendant commenced employment with REB in 2010, and, at the time of her resignation in January 2020, held the title of Director Material Handling Sales at REB's location at 490 North Main Street, Pittston, PA 18640.

13. In the role of Director Material Handling Sales, Defendant was responsible for sales of REB's product line of material handling equipment and accessories and to act as a resource to the REB sales team and REB's customers for advice on appropriate material handling equipment.

14. In connection with Defendant's hire by REB in 2010, Defendant executed her Agreement on April 14, 2010. (*See* **Exhibit A**, Defendant's Agreement.)

15. The Agreement addresses Defendant's obligations regarding non-competition and provides in relevant part:

3. <u>Covenants, Agreements, Representations and Warranties of Employee</u>. In consideration of Employee's employment with REB, and for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, Employee covenants, agrees, represents and warrants that:

    3.1    all of the Confidential Information of REB is a valuable, special and unique asset of REB which is sufficiently secret for REB to derive economic value, both actual and potential, from not being generally known to others who could obtain economic value from its use or disclosure, is a trade secret as defined in the Illinois Trade Secrets Act and is, will be and shall at all times remain the sole and exclusive property of REB;

  […]

    3.7    During the term of Employee's employment with REB, and after the termination of Employee's employment with REB, with or without reason or cause, Employee shall not, directly or indirectly, individually or in combination or association with any other person or entity, divulge or disclose to any third party, any of the Confidential Information without, in each instance, the prior written consent of REB;

  […]

    3.9    for a period of two (2) years after termination of Employee's employment with REB, with or without reason or cause, Employee shall not, directly or indirectly, alone or in association with others:

        3.9.1 contact or solicit, directly or indirectly, any of REB's "Clients" or interfere in the relationship of REB and any of its Clients, employees, agents, representatives or supplies;

        3.9.2 seek to employee or hire any person, who was employed by REB at any time within six (6) months prior to the date of such solicitation or hire;

        3.9.3 own, manage, operate, control, be employed by, participate in or be connected in any manner with the ownership,

4

>management or control of any business similar to the type of business engaged in by REB as of the date of such termination in market areas in which REB is then engaged or such business; or
>
>3.9.4  sell or provide Services, or services substantially similar to the Services, to any Client of REB or any entity engaged in a business comparable to or in competition with a Client of REB, either for himself or on behalf of any other person or entity engaged in any business competitive with or similar to that engaged in by REB located within the United States of America.

(*See* **Exhibit A**, Defendant's Agreement.)

16. The Agreement includes a handwritten, unsigned "addendum," which states as follows:

>Addendum. Exemption to Non-Compete. This non-compete agreement excludes any customers, vendors or products that I bring with me to REB Steel. Should I or REB Steel terminate employment, I will take with me my customers, vendors and products when I leave such as Rol-Away Aluminum Ladder Carts, Big Pak Containers, Totes of All Kinds, Pallet Jacks, and any Allied products I presently sell or distribute.

(*See* **Exhibit A**, Defendant's Agreement.)

17. Defendant gave notice of her intent to resign from REB on December 27, 2019 and resigned from REB, effective January 10, 2020, to become employed by Rol-Away Truck Manufacturing, Inc. ("Rol-Away"), a supplier and now direct competitor to REB.

18. Upon her resignation, Defendant informed REB that she had accepted employment with Rol-Away to be a dealer representative. This representation was consistent with the restriction in her Agreement. As a dealer representative,

Defendant would not be involved in directly selling Rol-Away's products to end users in competition with REB.

19. However, Defendant in fact joined Rol-Away as Vice President of Sales, a position for which her duties include not only direct sales of Rol-Away's products to end-customers but also direct sales of other material handling products she previously sold at REB, all in violation of her Agreement.

20. Defendant joined Rol-Away for the purpose of leading the sales function in Rol-Away's newly started direct sales division in direct competition with REB.

21. Defendant in fact began working for Rol-Away in September 2019, months before she resigned her employment with REB and without informing REB that she was working on behalf of Rol-Away.

22. From September 2019 to present, Defendant has violated her contractual, statutory, and common law duties to REB.

23. If REB had known that Defendant began working for Rol-Away in September 2019, REB would not have given Defendant any access to its computer systems. Because Defendant was secretly employed by Rol-Away, REB's direct competitor, months before informing REB, Defendant's access of REB's computer systems from September 2019 to January 2020 was unauthorized.

24. In violation of her Agreement, common law, and state and federal statutes, Defendant has disclosed, used, and permitted others, including clients, to use REB's trade secrets and confidential information.

25. In violation of her Agreement, Defendant contacted and solicited REB customers within the two-year period of separation following her employment with REB.

26. In violation of her Agreement and common law, Defendant interfered with REB's relationship with its customers within the two-year period of separation following her employment with REB. Specifically, Defendant sold competitively to at least two REB customers with whom she did business while employed at REB and caused at least one customer to terminate its business relationship with REB.

27. The handwritten, unsigned "addendum" to Defendant's Agreement does not include within its scope the ability to disclose trade secrets to clients, to become employed by a competitor while still employed by REB, or to otherwise act in competition with REB.

## Count I
## BREACH OF CONTRACT

28. REB incorporates by reference all of the preceding paragraphs as if set forth in full herein.

29. The Agreement is a binding and enforceable contract between Defendant and REB, which contains reasonable restrictive covenants that are necessary to protect REB's legitimate business interests.

30. REB fulfilled its obligations to Defendant under the Agreement.

31. Defendant has violated and is continuing to violate the Agreement by engaging in direct sales of Rol-Away's products to end-customers; and selling competitively to at least two REB customers.

32. Defendant has further violated her Agreement by, upon information and belief, beginning to work for Rol-Away in September 2019, several months before she resigned her employment with REB in January 2020.

33. As a direct and proximate result of Defendant's unlawful conduct, REB has been damaged in excess of $75,000, and Defendant is therefore liable to REB in an amount to be determined by the Court, together with costs, interest and attorneys' fees to the extent authorized by contract and/or permitted by law, and is subject to injunctive relief as set forth herein.

**WHEREFORE**, REB respectfully requests that the Court enter judgment against Defendant and in favor of REB on Count I and award REB actual damages, damages for unjust enrichment, costs, interest, attorneys' fees, injunctive relief, and any other relief the Court deems just and proper.

## Count II
## BREACH OF FIDUCIARY DUTY/DUTY OF LOYALTY

34. REB incorporates by reference all of the preceding paragraphs as if set forth in full herein.

35. While employed by REB, Defendant was entrusted with REB's confidential information and trade secrets.

36. As a result, Defendant owed REB a fiduciary duty to act in its best interest while employed by REB, and not to disclose or use REB's confidential information or trade secrets to harm REB's business interests, or to further her own or those of Rol-Away.

37. In addition, as REB's employee and agent, Defendant owed REB a duty of loyalty to act in all matters affecting the subject of her employment in the utmost good faith and in the furtherance and advancement of REB's interests.

38. Defendant breached her fiduciary duty and duty of loyalty to REB by, among other things, disclosing trade secrets and other confidential information to, and becoming employed by and rendering services to, Rol-Away while still employed by REB.

39. Defendant's breach was malicious, wanton, willful and oppressive, warranting an award of punitive damages.

40. As a consequence thereof, Defendant is liable to REB in an amount to be determined by the Court, together with interest, costs and attorneys' fees to the extent

authorized by contract and/or permitted by law, and is subject to injunctive relief as set forth herein.

**WHEREFORE**, REB respectfully requests that the Court enter judgment against Defendant and in favor of REB on Count II and award REB actual damages, damages for unjust enrichment, punitive damages, costs, interest, attorneys' fees, injunctive relief, and any other relief the Court deems just and proper.

**Count III**
**COMPUTER FRAUD AND ABUSE ACT, 18 U.S.C. § 1030**

41. REB incorporates by reference all of the preceding paragraphs as if set forth in full herein.

42. Defendant lost her authorization to access REB's computer systems, networks and electronic files once she commenced rendering services to Rol-Away.

43. Throughout the conduct described herein, and in particular since Defendant began her employment or association with Rol-Away while still employed by REB, Defendant knowingly and intentionally accessed without authorization, or exceeded her authorized access to, REB's computer systems, networks, and electronic files. Defendant obtained, misappropriated, and/or used in excess of her authorization the confidential and proprietary information she accessed through REB's computer systems, networks and electronic files. These acts were made for Defendant's own personal gain and that of REB's competitor, Rol-Away, in contravention of her duties to REB as imposed by state and federal law.

44. Any access of REB's computer system made by Defendant between September 2019 and January 2020 was unauthorized, as REB would not have permitted Defendant to access any of its computer systems in any form if it had known that she was employed by REB's direct competitor, Rol-Away, without having informed REB.

45. As a direct and proximate result of Defendant accessing REB's computer and electronic file systems and networks without authorization, or in excess of her authorization, REB has suffered substantial damages amounting to more than $5,000.00 within a one-year period, and will continue to suffer additional substantial damages.

46. At no point was Defendant authorized to disclose, use or otherwise misappropriate REB's trade secrets and other confidential information for purposes of providing it to a competitor or for acting in competition with REB. Moreover, Defendant lacked reasonable grounds to believe she had such authorization.

47. As a consequence thereof, Defendant is liable to REB in an amount to be determined by the Court, together with interests, costs, and attorneys' fees to the extent authorized by contract and/or permitted by law, and is subject to injunctive relief as set forth herein.

**WHEREFORE**, REB respectfully requests that the Court enter judgment against Defendant and in favor of REB on Count III, and award REB injunctive relief to

prevent continued irreparable harm, compensatory damages, and any other relief the Court deems just and proper.

## Count IV
## **DEFEND TRADE SECRETS ACT**

48. REB incorporates by reference all of the preceding paragraphs as if set forth in full herein.

49. The trade secrets that REB seeks to protect include confidential, proprietary and competitively sensitive information about REB's operations, processes, methods, costs, pricing policies, minimum profit margins, and other trade secrets.

50. This information is not generally known or readily ascertainable through independent development and is valuable and provides REB with an advantage over its competitors.

51. REB has taken reasonable steps to preserve the secrecy of its trade secrets and confidential information, including assigning unique passwords to each employee allowed access to REB's trade secrets and other confidential information.

52. Defendant knew or had reason to know that she disclosed and used trade secrets without REB's consent.

53. Defendant obtained these trade secrets by improper means and used them in breach of her obligations to REB, including, among others, fiduciary duties and contractual obligations.

54. Defendant, by her actions as alleged herein, as engaged in a "misappropriation" of REB's trade secrets, as that term is defined under the Defend Trade Secrets Act.

55. Defendant's foregoing conduct was willful and malicious.

56. As a result of Defendant's conduct, REB has been injured and has suffered and will continue to suffer irreparable harm and damages to its business operations.

57. As a consequence thereof, Defendant is liable to REB in an amount to be determined by the Court, together with interest, costs, punitive damages and attorneys' fees to the extent authorized by contract and/or permitted by law, and is subject to injunctive relief as set forth herein.

**WHEREFORE**, REB respectfully requests that the Court enter judgment against Defendants and in favor of REB on Count IV and award REB compensatory damages, punitive damages, interest, costs, attorney's fees, injunctive relief, and any other relief the Court deems just and proper.

### Count V
### PENNSYLVANIA UNIFORM TRADE SECRETS ACT, 12 P.S. § 5301

58. REB incorporates by reference all of the preceding paragraphs as if set forth in full herein.

59. The trade secrets that REB seeks to protect include confidential, proprietary and competitively sensitive information about REB's operations, processes, methods, costs, pricing policies, minimum profit margins, and other trade secrets.

60. This information is not generally known or readily ascertainable through independent development and is valuable and provides REB with an advantage over its competitors.

61. REB has taken reasonable steps under the circumstances to preserve the secrecy of its trade secrets and confidential information, including assigning unique passwords to each employee authorized to access REB's trade secrets.

62. Defendant obtained these trade secrets by improper means and used them in breach of her obligations to REB, including, among others, fiduciary duties and contractual obligations. While Defendant was employed by REB and Rol-Away, Defendant accessed or was provided information about REB's pricing policies, costs, profit margin requirements, customer lists and other competitive information not generally known to the public.

63. Defendant, by her actions as alleged herein, as engaged in a "misappropriation" of REB's "trade secrets," as those terms are defined under the Pennsylvania Uniform Trade Secrets Act.

64. Defendant's foregoing conduct was willful and malicious.

65. As a result of Defendant's conduct, REB has been injured and has suffered and will continue to suffer irreparable harm and damages to its business operations.

66. As a consequence thereof, Defendant is liable to REB in an amount to be determined by the Court, together with interest, costs, punitive damages and

attorneys' fees to the extent authorized by contract and/or permitted by law, and is subject to injunctive relief as set forth herein.

**WHEREFORE**, REB respectfully requests that the Court enter judgment against Defendants and in favor of REB on Count V and award REB compensatory damages, punitive damages, interest, costs, attorney's fees, injunctive relief, and any other relief the Court deems just and proper.

**WHEREFORE**, REB respectfully requests judgment as follows:

a) For all damages available under the law;

b) For injunctive relief;

c) For compensatory damages;

d) For punitive damages;

e) For costs of suit and prejudgment interest;

f) For reasonable attorneys' fees;

g) For any additional relief that the court deems just and proper.

## DEMAND FOR JURY TRIAL

REB requests a jury trial on all issues so triable.

                                                Respectfully submitted,

                                                */s/ Sara A. Begley*

                                                Sara A. Begley (PA ID #49120)
                                                Dana E. Feinstein (PA ID# 324347)
                                                Holland & Knight LLP
                                                Cira Centre
                                                2929 Arch Street, Suite 800
                                                Philadelphia, PA 19104
                                                Sara.Begley@hklaw.com
                                                Dana.Feinstein@hklaw.com
                                                Tel: (215) 252-9600

                                                Phillip M. Schreiber (not yet admitted *pro hac vice*)
                                                Holland & Knight LLP
                                                150 North Riverside Plaza
                                                Suite 2700
                                                Chicago, IL 60606
                                                Phillip.Schreiber@hklaw.com
                                                Tel: (312) 715-5784

Dated: August 19, 2020               *Counsel for Plaintiff REB Steel Equipment Corp., d/b/a Storage Systems International*