| REB STEEL EQUIPMENT CORP., | : | IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF PENNSYLVANIA |
|---|---|---|
| Plaintiff, | : | |
| v. | : | CIVIL ACTION – LAW |
| LAUREEN PIESZALA, | : | |
| Defendant. | : | No.: 3:20-CV-01483-JPW |

## ANSWER

And now, Defendant, Laureen Pieszala ("Ms. Pieszala") by and through her attorneys, Hourigan, Kluger & Quinn, P.C., hereby files the following Answer in response to the Complaint filed by Plaintiff, REB Steel Equipment Corp. (the "Corporation") Complaint and alleges as follows:

## INTRODUCTION

1. Denied. The allegations contained in Paragraph 1 are legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

2. Denied. The allegations contained in Paragraph 2 are legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

3. Denied. The allegations contained in Paragraph 3 are legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

2459751.1

4. Denied. The allegations contained in Paragraph 4 are legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

5. Denied. The allegations contained in Paragraph 5 are legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

## PARTIES, JURISDICTION, AND VENUE

6. Admitted in part; denied in part. Admitted that the Corporation has its principal place of business at 4556 West Grand Avenue, Chicago, IL 60639. Ms. Pieszala is without information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 6. Therefore, the remaining allegations are denied.

7. Admitted.

8. Admitted.

9. Admitted.

10. Admitted.

## FACTS

11. Admitted.

12. Admitted.

13. Admitted.

2459751.1

14. Denied as stated. Ms. Pieszala signed the REB Steel Equipment Corp. Confidentiality, Non-Disclosure and Non-Competition Agreement, with attached Addendum, a copy of which is attached to the Complaint as Exhibit "A". The Confidentiality, Non-Disclosure and Non-Competition Agreement, with attached addendum, has an Effective Date of April 12, 2010.

15. Denied. The Confidentiality, Non-Disclosure and Non-Competition Agreement, with attached addendum, is a writing which speaks for itself, and Ms. Pieszala denies the Corporation's allegations to the extent that they are inconsistent with that document.

16. Denied as stated. The addendum is a part of the Confidentiality, Non-Disclosure and Non-Competition Agreement, which was signed by Ms. Pieszala and a representative of the Corporation. Further, the addendum is a writing which speaks for itself, and Ms. Pieszala denies the Corporation's allegations to the extent that they are inconsistent with that document.

17. Denied as stated. Ms. Pieszala gave notice of her resignation on December 27, 2019 and resigned from the Corporation effective January 10, 2020 to become employed by Rol-Away. The Corporation is a dealer and does not manufacture anything, Rol-Away is a manufacturer and not a competitor with the Corporation.

18. Denied. Ms. Pieszala advised the Corporation that she was taking a position as Vice President of Sales and Marketing with Rol-Away beginning on January 13, 2020. Rol-Away is a manufacturer, and not a dealer like the corporation. The Corporation does not manufacture any of the products that they sell and are strictly a distributor/dealer.

19. Denied. The allegations contained in Paragraph 19 are legal conclusions to which no response is required. To the extent a response is required, Ms. Pieszala has not violated the terms of the Confidentiality, Non-Disclosure and Non-Competition Agreement, with attached addendum.

20. Denied. The allegations contained in Paragraph 20 are legal conclusions to which no response is required. To the extent an answer is required, Ms. Pieszala's role on behalf of Rol-Away is not competitive nature with the Corporation or a violation of the term of the Confidentiality, Non-Disclosure and Non-Competition Agreement, with attached addendum.

21. Denied. Ms. Pieszala began working for Rol-Away in January 2020 as represented the Corporation.

22. Denied. The allegations contained in Paragraph 22 are legal conclusions to which no response is required.

23. Denied. The allegations contained in Paragraph 23 are legal conclusions to which no response is required. To the extent a response is required,

Ms. Pieszala began working for Rol-Away in January 2020 as represented to the Corporation.

24. Denied. The allegations contained in Paragraph 24 are legal conclusions to which no response is required.

25. Denied. The allegations contained in Paragraph 25 are legal conclusions to which no response is required.

26. Denied. The allegations contained in Paragraph 26 are legal conclusions to which no response is required.

27. Denied. The addendum is a part of the Confidentiality, Non-Disclosure and Non-Competition Agreement, which was signed by Ms. Pieszala and a representative of the Corporation. Further, the addendum is a writing which speaks for itself, and Ms. Pieszala denies the Corporation's allegations to the extent that they are inconsistent with that document.

## COUNT I
## BREACH OF CONTRACT

28. Ms. Pieszala incorporates by reference her preceding responses as if set forth in full herein.

29. Denied. The allegations contained in Paragraph 29 are legal conclusions to which no response is required.

30. Denied. The allegations contained in Paragraph 30 are legal conclusions to which no response is required.

2459751.1

31. Denied. The allegations contained in Paragraph 31 are legal conclusions to which no response is required.

32. Denied. The allegations contained in Paragraph 32 are legal conclusions to which no response is required.

33. Denied. The allegations contained in Paragraph 33 are legal conclusions to which no response is required.

WHEREFORE, Ms. Pieszala respectfully requests that the Complaint be dismissed with prejudice and that she be awarded attorneys' fees and costs and such other relief as allowable by law.

## COUNT II
## BREACH OF FIDUCIARY DUTY/DUTY OF LOYALTY

34. Ms. Pieszala incorporates by reference her preceding responses as if set forth in full herein.

35. Denied. The allegations contained in Paragraph 35 are legal conclusions to which no response is required.

36. Denied. The allegations contained in Paragraph 36 are legal conclusions to which no response is required.

37. Denied. The allegations contained in Paragraph 37 are legal conclusions to which no response is required.

38. Denied. The allegations contained in Paragraph 38 are legal conclusions to which no response is required.

39. Denied. The allegations contained in Paragraph 39 are legal conclusions to which no response is required.

40. Denied. The allegations contained in Paragraph 40 are legal conclusions to which no response is required.

WHEREFORE, Ms. Pieszala respectfully requests that the Complaint be dismissed with prejudice and that she be awarded attorneys' fees and costs and such other relief as allowable by law.

## COUNT III
## COMPUTER FRAUD AND ABUSE ACT, 18 U.S.C. § 1030

41. Ms. Pieszala incorporates by reference her preceding responses as if set forth in full herein.

42. Denied. The allegations contained in Paragraph 42 are legal conclusions to which no response is required.

43. Denied. The allegations contained in Paragraph 43 are legal conclusions to which no response is required.

44. Denied. The allegations contained in Paragraph 44 are legal conclusions to which no response is required. To the extent an answer is required, Ms. Pieszala was not employed by Rol-Away until January 2020 as fully disclosed to the Corporation.

45. Denied. The allegations contained in Paragraph 45 are legal conclusions to which no response is required.

7

46. Denied. The allegations contained in Paragraph 46 are legal conclusions to which no response is required. To the extent an answer is required, Ms. Pieszala disclose or otherwise misappropriate the Corporation's trade secrets or other confidential information for purposes of providing it to a competitor or for acting in competition with the Corporation.

47. Denied. The allegations contained in Paragraph 47 are legal conclusions to which no response is required.

WHEREFORE, Ms. Pieszala respectfully requests that the Complaint be dismissed with prejudice and that she be awarded attorneys' fees and costs and such other relief as allowable by law.

## COUNT IV
## DEFEND TRADE SECRETS ACT

48. Ms. Pieszala incorporates by reference her preceding responses as if set forth in full herein.

49. Denied. The allegations contained in Paragraph 49 are legal conclusions to which no response is required.

50. Denied. The allegations contained in Paragraph 50 are legal conclusions to which no response is required.

51. Denied. The allegations contained in Paragraph 51 are legal conclusions to which no response is required.

2459751.1

52. Denied. The allegations contained in Paragraph 52 are legal conclusions to which no response is required.

53. Denied. The allegations contained in Paragraph 53 are legal conclusions to which no response is required.

54. Denied. The allegations contained in Paragraph 54 are legal conclusions to which no response is required.

55. Denied. The allegations contained in Paragraph 55 are legal conclusions to which no response is required.

56. Denied. The allegations contained in Paragraph 56 are legal conclusions to which no response is required.

57. Denied. The allegations contained in Paragraph 57 are legal conclusions to which no response is required.

WHEREFORE, Ms. Pieszala respectfully requests that the Complaint be dismissed with prejudice and that she be awarded attorneys' fees and costs and such other relief as allowable by law.

## COUNT V
## PENNSYLVANIA UNIFORM TRADE SECRETS ACT, 12 P.S. § 5301

58. Ms. Pieszala incorporates by reference her preceding responses as if set forth in full herein.

59. Denied. The allegations contained in Paragraph 59 are legal conclusions to which no response is required.

60. Denied. The allegations contained in Paragraph 60 are legal conclusions to which no response is required.

61. Denied. The allegations contained in Paragraph 61 are legal conclusions to which no response is required.

62. Denied. The allegations contained in Paragraph 62 are legal conclusions to which no response is required.

63. Denied. The allegations contained in Paragraph 63 are legal conclusions to which no response is required.

64. Denied. The allegations contained in Paragraph 64 are legal conclusions to which no response is required.

65. Denied. The allegations contained in Paragraph 65 are legal conclusions to which no response is required.

66. Denied. The allegations contained in Paragraph 66 are legal conclusions to which no response is required.

WHEREFORE, Ms. Pieszala respectfully requests that the Complaint be dismissed with prejudice and that she be awarded attorneys' fees and costs and such other relief as allowable by law.

## **AFFIRMATIVE DEFENSES**

By way of further answer to the Corporation's Complaint, Ms. Pieszala sets forth the following affirmative defenses:

### FIRST AFFIRMATIVE DEFENSE

The claim fails to state any claim or cause of action against Ms. Pieszala upon which relief could be granted.

### SECOND AFFIRMATIVE DEFENSE

The relief sought in the Complaint is barred, in whole or part, by the Corporation's breach of the duty of good faith and fair dealing.

### THIRD AFFIRMATIVE DEFENSE

Any claims stated in the Complaint are barred to the extent that the Corporation has failed to mitigate its damages.

### FOURTH AFFIRMATIVE DEFENSE

The Corporation's claims may be barred by the principles of law and equity, including estoppel, waiver, laches, justification, and the doctrine of unclean hands.

### FIFTH AFFIRMATIVE DEFENSE

The Corporation is not entitled to and may not recover the relief prayed for in the Complaint, and there is no factual or legal basis for an award of any type of damages, including compensatory, liquidated, or punitive damages against Ms. Pieszala.

### SIXTH AFFIRMATIVE DEFENSE

To the extent the Corporation suffered any harm, the harm was caused by its own actions or omission.

### SEVENTH AFFIRMATIVE DEFENSE

Ms. Pieszala's actions or inactions were not the approximate, legal, or substantive cause of any damages, injury or loss suffered by the Corporation, the existence of which is denied.

### EIGHTH AFFIRMATIVE DEFENSE

The Corporation's claims are frivolous and vexatious.

### NINTH AFFIRMATIVE DEFENSE

The relief sought in the Complaint is barred, in whole or part, by the Corporation's own breach of contract.

### ADDITIONAL AFFIRMATIVE DEFENSES RESERVED

Ms. Pieszala expressly reserve the right to raise any additional affirmative defenses that become known as a part of discovery or further investigation and proceedings in this case.

WHEREFORE, Ms. Pieszala respectfully requests that the Complaint be dismissed with prejudice and that she be awarded attorneys' fees and costs and such other relief as allowable by law.

### COUNTERCLAIM

### COUNTERCLAIM COUNT I - PENNSYLVANIA WAGE PAYMENT AND COLLECTION LAW

67. Ms. Pieszala incorporates by reference her preceding paragraphs, as if set forth in full herein.

68. Ms. Pieszala began her employment with the Corporation in April 2010.

69. Ms. Pieszala worked primarily for the Corporation as a salesperson.

70. In her position as a salesperson, Ms. Pieszala was to be paid a commission for all sales that she generated pursuant to the Corporation's commission plan.

71. Ms. Pieszala's commissions were calculated based upon a percentage commission of the net mark-up the sales price of products sold to the customer.

72. The Corporation has an obligation to pay Ms. Pieszala's commission quarterly following the customer's payment of invoices for the products shipped to the customer.

73. Prior to the end of her employment with the Corporation, Ms. Pieszala booked over sales of over $100,000 of the Corporation's products in January 2020 prior to the effective date of resignation.

74. Based upon that volume of sales generated by Ms. Pieszala, the commission due to be paid was approximately $4,000.00.

75. Ms. Pieszala's commission for the sales booked in January 2020 were due to be paid no later than the end of June 2020.

2459751.1

76. The Corporation did not pay Ms. Pieszala any commission for the sales she generated in January 2020, despite its obligation to do so.

### COUNTERCLAIM COUNT I
### BREACH OF CONTRACT

77. Ms. Pieszala incorporates the responses and averments set forth in the foregoing paragraphs as if fully set forth herein.

78. The Corporation's failure to pay Ms. Pieszala her commissions constitutes a breach of contract between Ms. Pieszala and the Corporation.

79. As a result of the Corporation's breach of contract, Ms. Pieszala has been damaged in the amount of approximately $4,000.00.

WHEREFORE, Defendant/Counterclaim Plaintiff Laureen Pieszala demands judgment in her favor and against Plaintiff/Counterclaim Defendant REB Steel Equipment Corp. the sum of approximately $4,000.00, plus pre- and post-judgment interest, costs and such other relief as the Court deems appropriate.

### COUNTERCLAIM COUNT II
### UNJUST ENRICHMENT

80. Ms. Pieszala incorporates the responses and averments set forth in the foregoing paragraphs as if fully set forth herein.

2459751.1

81. By its failure to pay Ms. Pieszala commissions, the Corporation has been unjustly enriched thereby, having received the benefit of the labor and effort furnished, and sales generated, by Ms. Pieszala, without payment for said work.

WHEREFORE, Defendant/Counterclaim Plaintiff Laureen Pieszala demands judgment in her favor and against Plaintiff/Counterclaim Defendant REB Steel Equipment Corp. the sum of approximately $4,000.00, plus pre- and post-judgment interest, costs and such other relief as the Court deems appropriate.

### COUNT III
### QUANTUM MERUIT/QUASI CONTRACT

82. Ms. Pieszala incorporates the responses and averments set forth in the foregoing paragraphs as if fully set forth herein.

83. In the alternative, Ms. Pieszala is entitled to compensation for the value of work performed and services provided, and sales generated, in quantum meruit and/or quasi contract.

WHEREFORE, Defendant/Counterclaim Plaintiff Laureen Pieszala demands judgment in her favor and against Plaintiff/Counterclaim Defendant REB Steel Equipment Corp. the sum of approximately $4,000.00, plus pre- and post-judgment interest, costs and such other relief as the Court deems appropriate.

### COUNTERCLAIM COUNT IV
### PENNSYLVANIA WAGE PAYMENT AND COLLECTION LAW

84. Ms. Pieszala incorporates by reference the preceding paragraphs, as if fully set forth herein.

85. The payment of wages and expenses by employers is controlled in Pennsylvania by the Wage Payment and Collection Law. 43 P.S. § 260.1 *et seq.*

86. When an employee separates from a payroll, all wages due from employers must be paid to the separated employee pursuant to the employer's normal compensation schedules. 43 P.S. § 260.5.

87. At all relevant times the Corporation was an employer of Ms. Pieszala within the meaning of the Pennsylvania Wage Payment and Collection Law ("WPCL").

88. "Wages" include monies due from commission agreements. 43 P.S. § 260.2a.

89. The Corporation has failed to pay commissions to Ms. Pieszala either at the full commission rate or at all, for sales Ms. Pieszala had made while employed by the Corporation, which sales were processed by the Corporation after Ms. Pieszala resigned. This was and is contrary to and in breach of the agreed upon compensation arrangement for Ms. Pieszala's employment that is evidenced, *inter alia*, by the custom and practice pertaining to Ms. Pieszala's compensation.

90. Ms. Pieszala earned said unpaid commissions.

91. Ms. Pieszala was contractually entitled to said unpaid commissions.

2459751.1

92. These unpaid commissions total approximately $4,000.00.

93. The refusal to pay Ms. Pieszala said commissions after her termination from employment was in violation of the WPCL.

94. The commissions have remained unpaid for more thirty (30) days beyond the time such payments were due, and no good faith dispute exists as to the failure to make such payments.

95. The Wage Payment and Collection Law provides for statutory liquidated damages of twenty-five percent (25%) of judgments awarded to plaintiffs, applicable in cases such as this. 43 P.S. § 260.10.

96. The Wage Payment and Collection Law provides for a mandatory award of plaintiff's reasonable attorney's fees in addition to judgements awarded plaintiffs. 43 P.S. § 260.9a.

WHEREFORE, Ms. Pieszala respectfully requests that the Court enter judgment in her favor and against the Corporation and that the Court award Ms. Pieszala:

(a) All unpaid wages in an amount of approximately $4,000.00;

(b) 25% liquidated damages under 43 P.S. § 260.10;

(c) Attorneys' fees pursuant to 43 P.S. § 260.9a(f);

(d) Pre-and post-judgment interest; and

2459751.1

(e) Such other relief as the Court deems appropriate.

>Respectfully Submitted
>**HOURIGAN, KLUGER & QUINN, P.C.**
>
>By: /s/ Brian P. Stahl, Esquire
>Brian P. Stahl, Esquire
>I.D. No.: 203941
>Kevin M. Walsh, Esquire
>I.D. No. 206334
>Counsel for the Defendant
>Laureen Pieszala

600 Third Avenue
Kingston, PA 18704
570-287-3000 (telephone)
570-287-8005 (facsimile)
bstahl@hkqlaw.com
kwalsh@hkqlaw.com

**HOURIGAN, KLUGER & QUINN**  
A PROFESSIONAL CORPORATION  
BY:   BRIAN P. STAHL, ESQUIRE  
      KEVIN M. WALSH, ESQUIRE

ATTORNEY FOR DEFENDANT

IDENTIFICATION NO. 203941, 206334  
LAW OFFICES  
600 THIRD AVENUE  
KINGSTON, PA 18704-5815  
(570) 287-3000

| | |
|---|---|
| REB STEEL EQUIPMENT CORP., | IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF PENNSYLVANIA |
| Plaintiff, | |
| v. | CIVIL ACTION – LAW |
| LAUREEN PIESZALA, | |
| Defendant. | No.: 3:20-CV-01483-JPW |

## CERTIFICATE OF SERVICE

I hereby certify I served a true and correct copy of the Defendant's Answer with Affirmative Defenses and Counterclaim upon counsel of record via ECF filing system.

                      **HOURIGAN, KLUGER & QUINN, P.C.**

By:   /s/ Brian P. Stahl, Esquire  
        Brian P. Stahl, Esquire  
        I.D. No.: 203941  
        Kevin M. Walsh, Esquire  
        I.D. No. 206334  
        Counsel for the Defendant  
        Laureen Pieszala

600 Third Avenue  
Kingston, PA 18704  
570-287-3000 (telephone)  
570-287-8005 (facsimile)  
bstahl@hkqlaw.com  
kwalsh@hkqlaw.com

2459751.1